NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 13-2839
_____

CASANDRA PAUL,
Appellant

v.

HOVENSA
_____

On Appeal from the District Court of the Virgin Islands
(D.C. No. 1-07-cv-00051)
District Judge:  Honorable Anne E. Thompson

ARGUED DECEMBER 12, 2013

BEFORE:  FISHER, COWEN, and NYGAARD, *Circuit Judges*

(Filed: April 4, 2014)

Rhea R. Lawrence, Esq.  [Argued]
Lee J. Rohn, Esq.
Lee J. Rohn & Associates
1101 King Street
Christiansted, VI 00820
        *Counsel for Appellant*

Stephanie L. Adler-Paindiris, Esq. [Argued]
Alicia M. Chiu, Esq.
Jackson Lewis
390 North Orange Avenue, Suite 1285
Orlando, FL 32801

Linda J. Blair, Esq.
Bryant, Barnes, Beckstedt & Blair
1134 King Street, 2nd Floor
P.O. Box 224589
Christiansted, St. Croix, VI 00820
        *Counsel for Appellee*

_____

OPINION OF THE COURT
_____

NYGAARD, *Circuit Judge.*

Cassandra Paul appeals the District Court's grant of a motion for summary judgment. She asserts error by the District Court for dismissing various claims under Title VII,[1] Americans with Disabilities Act,[2] and the Virgin Islands Civil Rights Act.[3] We will affirm.

As this opinion lacks any precedential value, we write only for the benefit of the parties whose familiarity with the case obviates the need for a full recitation of the facts and procedural history. We exercise plenary review to the District Court's grant of a motion for summary judgment. *Turner v. Hershey Chocolate U.S.,* 440 F.3d 604, 611 (3d Cir. 2006).

We easily dispose of Paul's contention that the District Court wrongly applied a "but-for" standard, rather than a "motivating factor" test to review her Title VII, gender discrimination claims. The District Court explicitly stated that it was the plaintiff's

_____

[1] 42 U.S.C.A. § 2000e-2.

[2] 42 U.S.C. §§ 12112.

[3] 10 V.I.C. § 64.

2

burden to demonstrate pretext by showing a factual dispute that discrimination was "more likely than not a motivating factor." Its analysis was consistent with this standard.

As to the discrimination claims, we first consider Paul's assertion that Hovensa failed on two of her requests for accommodation under the ADA.[4] Upon our review of the record we conclude that the undisputed facts undermine both of her prima facie claims for accommodation.

Though Paul pressed a claim for failure to accommodate her mobility needs, the District Court cited to numerous attempts by Hovensa to meet Paul's request for work-site transportation. In light of these efforts, we conclude that Hovensa's denial of her preferred accommodation, permission to drive her car onto terminal grounds, does not ground a prima facie case.

As to her request for an automatic door at her workplace, there is no dispute that its installation took quite some time to accomplish. However, Paul did not build a factual record to challenge Hovensa's account of efforts they made to acquire and install the door, nor did she proffer any evidence to reasonably infer bad faith delay. This, coupled with the fact that Hovensa actually installed the door, made Paul's assertion of an ADA violation wholly inadequate. The District Court properly dismissed the accommodation claims.

---

[4] Paul also claims on appeal that Hovensa failed to accommodate her disability by refusing to change the demands placed upon Oil Movement Coordinators (OMCs), and by failing to laterally transfer her to a different position. Additionally, Paul raises a general claim that Hovensa failed to modify its facilities to meet ADA accessibility requirements. She did not raise these claims before the District Court and we will not consider them.

3

Paul next asserts Title VII, ADA, and VICRA violations based upon Hovensa's failure to promote her to a supervisor position.[5] There are a number of allegations associated with these claims.

Paul emphasizes on appeal that, as to her application for promotion, Hovensa disadvantaged her on the basis of gender and disability by refusing in prior years to give her opportunities to "act up" as a temporary terminal dispatcher. Contrary to her representation to this Court, Hovensa did not flatly deny Paul the opportunity to "act up." Paul admitted in deposition that, after she complained of being passed over to "act up," she accepted Hovensa's subsequent offers to work as a temporary dispatcher. She also asserts that Hovensa showed discriminatory intent by ignoring her years of experience as an Oil Movement Coordinator (OMC). Yet, given that the interviewed applicants met the minimum requirements for the position, Paul failed to ground any reasonable inference that Hovensa's assessment of their distinct work experiences strayed beyond the proper bounds of business judgment.

Paul next maintains that Hovensa interviewers arbitrarily used co-worker animosity, that she links to her disability, to grade her "people skills" as inferior to the applicant Hovensa promoted.[6] We did find evidence suggesting an interviewer knew that

---

[5] Paul did not appeal the dismissal of her claim regarding a superintendent position.

[6] Paul also casts Hovensa's evaluation of the promoted employee's "people skills" as evidence of discriminatory intent. She points to criminal charges filed against the other applicant at the time of the interview, for which he was ultimately acquitted. Paul asserts that Hovensa's failure to account for these charges when it evaluated the employee demonstrated a general disdain of woman among Hovensa management. However, there is no reasonable basis to draw such an inference.

some fellow employees disliked having to drive Paul on-site to accommodate her mobility needs. However, even granting her every favorable inference, an interviewer's awareness of the attitudes of some co-workers on this single issue—linked solely by Paul's speculation to Hovensa's decision to promote another employee—is far too attenuated to credibly ground a claim of pretext.[7] Similarly, Paul alleges that Hovensa did not promote her to spare itself additional costs of new accommodations that would have been necessary to make the work space encompassed by this job compliant with the ADA. There is simply no evidence to raise this claim above the level of bald conjecture.

With the dearth of evidence in this record to support an assertion of pretext, we conclude that the District Court properly dismissed Paul's disability-based failure to promote claim. Moreover, given our assessment of the record on her gender-based claims, the remaining evidence (the gender of the interviewers and the percentage of female supervisors) was insufficient to take Paul's Title VII and VICRA pretext claims to trial. The District Court did not err.

As to Paul's ADA and Title VII claims arising from her termination, the District Court correctly concluded that these were unrelated to her EEOC claims and that, as a result, she failed to exhaust her administrative remedies. These causes were properly dismissed.

---

[7] Hovensa was not obligated here to show the necessity of its evaluative criteria.

Finally, Paul failed to proffer any evidence of Hovensa's fraud or bad faith to support her claim of breach of good faith and fair dealing arising from her termination. Her cause relies purely upon speculation. We conclude that this claim is meritless.

For all of these reasons, we will affirm the order of the District Court.